UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal No. 09-129 (ESH) |
| | : | |
| **LONNELL G. GLOVER, et al.,** | : | |
| Defendants. | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT WRIGHT'S RENEWED MOTION FOR SEVERANCE

The United States of American, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendant Jonathan Wright's Renewed Motion for Severance. As grounds for this opposition, the government relies on the following points and authorities, and any other such points and authorities that are permitted at a hearing on this motion.

1. Defendants Robert Robbins (and later joined by Wright) previously moved to sever their trials from Lonnell Glover [#74]. The government opposed those motions to sever [#85]. After considering the motions and opposition, the Court denied the motions to sever [#93].

2. Defendant Wright now renews his motion to sever his trial from Lonnell Glover on the new ground that Lonnell Glover "announced his intention to represent himself at trial" and that "Mr. Wright will be prejudiced by Mr. Glover's pro se representation." However, defendant Wright fails to articulate how he will be prejudiced.

3. "A co-defendant's pro se representation is not, without more, grounds for severance; a defendant must additionally show that strong prejudice resulted from the representation." United States v. DeMasi, 40 F.3d 1306, 1313 (1st Cir. 1994) (affirming denial of severance where defendant pointed "to no specific prejudicial incident" resulting from pro se co-defendant). To prevail on

appeal, "a defendant must show that the denial of his motion constituted an abuse of discretion . . . caused him prejudice so substantial that his conviction constituted a miscarriage of justice. . . . The mere fact that a codefendant is proceeding pro se is not in itself a ground for severance." United States v. Tracy, 12 F.3d 1186, 1194 (2nd Cir. 1993) (concluding that defendant's "severance contention is meritless"). See also United States v. Acheson, 94 F.3d 1237, 1244 (9th Cir. 1996) (affirming denial of motion to sever where defendant failed to demonstrate "manifest and unfair" prejudice resulting from pro se co-defendant).

    4.    In his renewed motion to sever, defendant fails to demonstrate how he would be substantially prejudiced by Lonnell Glover's pro se representation. Accordingly, without more, his motion should be denied.

    5.    In United States v. Sacco, 563 F.2d 552, 556 (2nd Cir. 1977), the Court suggested several steps to minimize the potential prejudice of a defendant's pro se representation on the other co-defendants. These steps include the district court: (1) retaining an attorney advisor for the pro se defendant; (2) treating the pro-se defendant as an attorney and warning him that he would be held to the rules of law and evidence and that he should refrain from speaking in the first person as though he were testifying, or voicing personal observations in his comments on the evidence; (3) cautioning the jury in appropriate terms if the pro se defendant strays beyond bounds; (4) carefully instructing the jury in its closing remarks before summation, during summation and in its final instructions that nothing the lawyers say is evidence in the case; (5) making clear to the jury at the outset that anything the pro se defendant says in his "lawyer" role is not evidence against him or his co-defendant, and his remarks are to be regarded no differently than those of the attorneys in the case; and (6) instructing the pro se defendant to avoid referring to the co-defendants without prior

permission from the court and to refrain from commenting upon matters not in evidence or solely within his personal knowledge. "[T]hese steps are merely suggestions, not requirements, for preventing the possibility of prejudice from ripening actuality." United States v. Veteto, 701 F.2d 136, 139 (11th Cir. 1983) (affirming denial of severance based on pro se co-defendant).

6. Indeed, in the related trial, United States v. Herbert Young, John Smith, and Joe Brown, 07-153 (Lonnell Glover's heroin co-defendants), defendant Herbert Young represented himself pro se. Judge Hogan denied his co-defendants' motions to sever based on Young's pro se representation. (No written opinion was issued). There were no allegations after trial that Young's pro se representation prejudiced the two other co-defendants in any way.

7. Finally, defendant Wright argues that a severance would "significantly shorten the government's presentation of evidence." This is inaccurate. Even in a "solo" trial of Jonathan Wright, the government would present substantially the same wiretap calls, search warrants (including Glover's residence), and surveillance. With regard to the resources of the Court and the government, a severance would essentially double the amount of work by requiring two trials.

8.      Accordingly, defendant Wright's motion to sever should be denied because Wright has not demonstrated substantial prejudice and because separate trials would "consume substantial prosecutorial and judicial resources." United States v. Jones, 511 F.Supp.2d 74,78-79, (D.D.C. 2007) (J. Huvelle).

        Respectfully Submitted,

        CHANNING PHILLIPS
        UNITED STATES ATTORNEY
        DC Bar #: 415-793

BY:    _____/s/_____
        JOHN K. HAN
        Assistant United States Attorney, NY Bar
        United States Attorney's Office
        555 4th Street, N.W., Fourth Floor
        Washington, D.C.  20530
        (202) 514-6519
        John.Han@usdoj.gov