UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | Criminal No. 09-129-03 (ESH) |
| **JONATHAN WRIGHT,** | : | |
| | : | |
| **Defendant.** | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT WRIGHT'S
MISSING WITNESS ARGUMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this opposition to defendant Wright's request to be permitted to make "missing witness" arguments to the jury. In support of its response, the United States relies on the following points:

1. On January 26, 2010, counsel for defendant Wright, in opening statement, argued to the jury that there are two people who could conclusively establish whether Jonathan Wright was involved in this cocaine conspiracy: (1) "Foots," the cocaine supplier from the Bahamas, and (2) Cardinal Marshall, the money courier. However, the government will not produce Foots or Cardinal Marshall as witnesses at this trial.

2. Counsel never requested permission to argue, in her opening statement, the missing-witness argument. See United States v. Lawson, 494 F.3d 1046, 1053 (D.C. Cir. 2007)

3. Both individuals are believed to be in the Bahamas. Moreover, Foots was never identified by law enforcement.

4. The government contacted Cardinal Marshall in the Bahamas, and he refused to

appear before the Court as a witness for trial.

    5.  Both Foots and Cardinal Marshall are physically beyond the reach of this Court.  A witness located in the Bahamas is beyond a United States District Court's subpoena power.  <u>Snee v. Sunrise Properties Limited</u>, 2009 WL 2163179 at * 7 (S.D. Fla. 2009).

    5.  In the event that both individuals were physically available, they would face Fifth Amendment issues, since both of them face potential criminal prosecution.  If either individual were to testify, they would be put in a position of having to describe their respective roles in the conspiracy, and therefore be exposed to criminal prosecution.  It is well settled that the jury is not entitled to draw any inferences from the decision of a witness to exercise his constitutional privilege whether those inferences be favorable to the prosecution or the defense.  <u>Bowles v. United States</u>, 439 F. 2d 536, 541 (D.C. Cir. 1970).  Where a Fifth Amendment testimonial claim has been invoked by a witness and granted, the Government's refusal to grant him immunity in order to permit him to testify does not give rise to a missing witness instruction.  <u>Morrison v. United States</u>, 365 F.2d 521, 523 (D.C. Cir. 1966).

    6.  In <u>United States v. Lawson</u>, 494 F.3d 1046, 1053 (D.C. Cir. 2007), a case argued by defense counsel, the Court stated that it should not be put to a jury, as either instruction or argument, that an inference should be drawn from a party's failure to produce a witness if the judge concludes that the party is powerless to do so.  In this case, the government is powerless to call Foots or Marshall as witnesses, Foots is not identified, they are both presumably in the Bahamas, and, even if they were in this Court's jurisdiction, they would have Fifth Amendment issues.

WHEREFORE, for the reasons stated above, the United States respectfully requests that the Court grant this motion.

    Respectfully submitted,

    CHANNING PHILLIPS
    UNITED STATES ATTORNEY
    D.C. Bar No. 498-610

    _____
    Anthony Scarpelli
    John Han
    Assistant United States Attorneys
    555 Fourth Street, NW, 4th Floor
    Washington, DC 20530
    Anthony.scarpelli@usdoj.gov
    John.han@usdoj.gov