UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
                                    )
       v.                           )    Criminal No. 09-129-3 (ESH)
                                    )
JONATHAN WRIGHT,                    )
                                    )
              Defendant.            )
_____)

## MEMORANDUM OPINION AND ORDER

On February 2, 2010, a jury convicted Jonathan Wright of conspiracy to distribute and possession with intent to distribute more than five kilograms of cocaine. (*See* Verdict Form, [ECF No. 131].) Following his conviction, this Court sentenced Wright to 121 months in prison and 60 months of supervised release. (*See* Judgment, June 24, 2010, [ECF No. 156].) On November 8, 2013, the Court of Appeals vacated his conviction and remanded the case for a new trial on the grounds that the district court impermissibly admitted into evidence recorded conversations "obtained [on an electronic 'truck bug'] pursuant to a 'facially insufficient' warrant." *See United States v. Glover*, 2013 WL 5951521, at *1 (D.C. Cir. 2013). The Court of Appeals has not yet issued its mandate in the case. At present, the government is considering whether to seek further review of the Court of Appeals decision and whether to retry the case. (*See* Gov't's Opp. to Def. Wright's Mot. to Return Def. to Jurisdiction and Release on Bond ("Gov't Opp."), Nov. 25, 2013 [ECF No. 203], at 2.) Wright has filed the instant motion requesting that he be returned to Washington D.C. and released on bond pending further proceedings. (*See* Mot. to Return Def. to Jurisdiction and for Release on Bond, Nov. 15, 2013 [ECF No. 202].) For the reasons discussed below, the Court will deny this motion.

# DISCUSSION

Federal Rule of Criminal Procedure 46(c) states that "18 U.S.C. § 3143 governs release *pending sentencing or appeal*. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant" (emphasis added). Though Wright's conviction was reversed, his appeal is considered "pending" because the Court of Appeals has not yet issued its mandate in the case. *See United States v. Jones*, 800 F. Supp. 2d. 90, 92 (D.D.C. 2011) (citing *United States v. Schaefer*, No. 04-20156, 2007 WL 418038 (D. Kan. Nov. 21, 2007)). Moreover, because Wright was convicted of a crime which carries a mandatory minimum sentence of ten years under the Controlled Substances Act, 18 U.S.C. § 3143(b)(2) dictates that the Court "shall order" his continued detention.

Nevertheless, the Court "may" grant Wright's motion for release on bond if he is able to show (1) "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person of the community if released" and (2) "that there are exceptional reasons why [his continued] detention would not be appropriate." *See Jones*, 800 F. Supp. 2d. at 93 (citing 18 U.S.C. §§ 3143(b), 3145(c)). Because the Court finds that Wright is unable to satisfy either prong, his continued detention is required.

First, Wright is unable to demonstrate by clear and convincing evidence that he is neither a flight risk nor a danger to the community. On four separate occasions, judges in this district have found that no condition or combinations of conditions would sufficiently prevent flight and assure the safety of the community. As Magistrate Judge Facciola explained in a 2008 detention memorandum, despite Wright's ties to the District of Columbia through his aunt—a fact which Wright highlights in his instant motion—he also "has ties to the Florida community where he has resided for twenty six years" and "[t]here is no evidence that this was a one-shot transaction; in fact, the evidence shows that this was a scheme to bring a substantial amount of cocaine into the

District of Columbia over an extended period of time. In addition, the defendant has demonstrated that he has access to large amounts of cash and has already crossed state and international lines in furtherance of his conspiracy."[1] (*See United States v. Wright*, 08-cr-110, Detention Mem., June 26, 2008 [ECF No. 7], at 3-5.) Judge Lamberth agreed with this assessment adding that "given the seriousness of the alleged offense and the defendant's international ties, the Court cannot be reasonably assured that the defendant would appear in court were he to be released." (*See United States v. Wright*, 08-cr-110, Mem. & Order, Oct. 24, 2008 [ECF No. 18], at 3.) Upon re-indictment, Magistrate Judge Robinson found that Wright was a flight risk and a risk to the safety of the community. Specifically, she explained that "the nature and circumstance of the offense charged indicate[d] that Defendant was significantly involved in a conspiracy to distribute considerable quantities of cocaine" and "of particular significance . . . the Defendant . . . [had] connections abroad; connections he sought to utilize for the purchase of cocaine." (*See* Mem. of Findings of Fact and Stat. of Reasons in Support of Det., June 30, 2009 [ECF No. 40], at 5.) Most recently, this Court denied Wright's motion for release pending appeal on February 1, 2011. (*See* Order [ECF No. 192], at 1.)

Nothing in the Court of Appeal's decision alters this conclusion. Though Wright is correct that there is now less evidence that would be admissible against him at trial, the "rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information" on a motion for bail. *See Jones*, 800 F. 2d at 93 (citing 18 U.S.C. § 3142(f)). Moreover, though a weaker government case might reduce Wright's incentive to flee, the Court finds that this fact alone is insufficient to constitute clear and convincing evidence that his continued detention is not justified.

---

[1] The case in which Judge Facciola reached this conclusion was dismissed without prejudice for violation of the Speedy Trial Act and was re-indicted as the present case, 09-129.

Second, even if Wright could demonstrate that he presents neither a risk of flight nor a danger to society, the Court could not apply § 3145(c) because he has failed to identify an "exceptional reason" why his continued detention is inappropriate. The only potentially "exceptional reason" that Wright offers is the Court of Appeals' decision to vacate his conviction. Yet, as this Court has explained previously, the mere prospect of a new trial is not enough, by itself, to constitute an "exceptional reason" under 18 U.S.C. § 3143. See *Jones*, 800 F.Supp. 2d at 93-94 (citing *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992); *see also United States v. Schaefer*, 2007 WL 4180388, at *1-*3 (D. Kan. Nov. 21, 2007) (finding exceptional reason for release where Court of Appeals reversed conviction *and ordered acquittal*, not retrial).

For the foregoing reasons, it is hereby **ORDERED** that defendant's Motion [ECF No. 202] is **DENIED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: December 9, 2013